UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINJIANG ZHENG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al.,<br><br>Respondents. | No.  2:26-cv-00780-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos 1, 2.) |

On March 9, 2026, petitioner Xinjiang Zheng, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion for a temporary restraining order.  (Doc. No. 2.)  Petitioner states that he entered the United States on December 22, 2023, and has a pending asylum application.  (Doc. No. 1 at 12.)  Petitioner was taken into immigration custody on January 15, 2026.  (*Id.* at 2.)  Petitioner requests that the court order his immediate release and award him costs and reasonable attorneys' fees.  (Doc. No. 1 at 10.)  On March 12, 2026, the court set a briefing schedule on petitioner's pending motion and ordered respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situation addressed by this court's decision in *Cajina v.*

*Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025).

On March 12, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus. (Doc. No. 8.) Therein, respondents concede that "[t]here are no significant factual or legal issues here that materially distinguish it from *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and other similar cases previously decided by this court." (*Id.* at 1.) In addition, respondents state that they "are amenable to the Court ruling on the underlying petition for writ of habeas corpus[.]" (*Id.*) Still, respondents oppose petitioner's motion based on the reasons set forth in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). (*Id.*) The court recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive. *See Iskandar Wasef v. Chestnut, et al.*, 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (E.D. Cal. Feb. 12, 2026). The court incorporates that reasoning here.

Because respondent has conceded that this case is not substantively distinct from the situation addressed in the court's prior order in *Cajina*, the court incorporates and adopts the reasoning set forth in that order here and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a.     Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his January 15, 2026 detention;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2

c.      Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief; and

3.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 12, 2026**                    _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3